Statement of the Case.
MONROE, J.
Plaintiff sues to recover a' tract of land, in the parish of Pointe Coupée, described as “having a front of two arpents on the Lower Chenal of False river, by a depth of 40 arpents; bounded, above, by land, now, or formerly belonging to Numa Decuir, and below, by land of Aaron Loeb,” of which, it is alleged that defendant Mrs. Loeb “is now, and has been, for many years, in possession”; the same having been transferred to her by her husband (and co-defendant) Aaron Loeb. Defendants allege notorious, peaceable, and undisturbed possession, as owners, holding in good faith, under a title translative of property, for nearly 30 years, and plead the prescription of five and ten years.
It appears from the evidence in the record that, in 1874, plaintiff, being the owner of the property in question, and being indebted to Aaron Loeb in a sum exceeding $1,600, leased to him said property, save the house in which he lived and about one acre of land, for a term of nine years, as a method of extinguishing the debt, and that Loeb thereupon went into possession, and so remained until the latter part of 1875, when he was ousted by one Baum, who pretended to have become the owner by purchase at tax sale; that Loeb then brought suit against Baum and plaintiff and obtained judgment, on appeal to this court, as follows, to wit:
“That plaintiff have judgment annulling the sale as fraudulent and simulated, and that he be restored to the possession of the leased premises, except the house and one acre of the surrounding land, and that plaintiff, further, have judgment and recover of defendants, in solido, $150, per annum, from December 14, 1875, and the costs of both courts.”
It further appears that, agreeably to the judgment thus rendered, there was issued by the district court, in April, 1879, a writ, reading as follows, omitting caption and signatures, etc.:
“We command you that, in the manner prescribed by law, and in accordance with the decree of the Supreme Court, a certified copy whereof is hereto annexed for your reference, you proceed to place Mr. Aaron Loeb, the plaintiff in the above-styled suit, in possession of the following described property, to wit: A certain tract of land, situate and being in said parish, on the Lower Chenal, having two arpents front, and bounded on one side, by the lands belonging to Numa Decuir, and, on the other side by the lands belonging to Aaron Loeb, except the house and one acre of surrounding land. And that plaintiff, Aaron Loeb, further have and recover of the defendants, in solido, one hundred and fifty dollars per annum, from December 14, 1875, and coste of both courts.”
By the endorsement upon the back of it, this was called a “Writ of Possession,” and, in due time, the sheriff made the following return thereon, to wit:
“Received on the 19th day of April, 1879, and, on the 22d day of the same month and year, proceeded to execute the within writ of possession by seizing from the defendant, Decuir, the property described in the notice of seizure, copy of which was handed to Francois Decuir, in person, which notice, being in writing, also notified the said defendant that, unless he came forward, within three days from the service of the said notice of seizure, and made payment, I would proceed to advertise and sell the said property to satisfy the plaintiff’s demand, which notice a copy thereof is hereto annexed for reference.
“And, on the 3d day of May, 1879, proceeded to advertise the sale of the above-described property by inserting an advertisement in the Pointe Coupée Pelican, a newspaper published in this parish, announcing the sale of said property to take' place at the courthouse of this parish on the 7th day of June, 1879, at 11 o’clock a. m., on the following terms, to wit, cash, with the benefit of appraisement; and) on the day of sale of said property, after hav *335 ing had the property appraised according to law, did repair to the front of the courthouse aforesaid, when and where, after having read, in a loud and audible voice, the advertisement announcing the sale and the terms and conditions of the sale, and after having read in a loud and audible voice the certificate of mortgages bearing upon said property and against Francois Decuir, did expose said property to public sale, and, after having cried the same for some time, the same was finally adjudicated to Aaron Loeb for the sum of six hundred and seventy-five dollars cash, he being the last and highest bidder. The clerk’s, recorder’s, printer’s, state and parish taxes, and sheriff’s costs, amounting to the sum of seventy-nine dollars and seventy cents, deducted from said adjudication price, there remains a balance of $95.30. This writ is therefore credited with those amounts and returned accordingly.”
The notice of seizure referred to in said writ, which preceded its. execution, reads as follows:
“Take notice that, by virtue of a writ of possession issued in the above-entitled suit and to me directed by the honorable seventh district court, in and for the parish of Pointe Coupfie, to satisfy plaintiff’s demand and costs, I, the undersigned Dy. Sheriff, have this day seized and taken into my possession the following described property, to wit:
“[Here follows a description of the property.]
“Now, therefore, unless you come forward, within three days from the service hereof, and make payment of said demand and costs, I shall proceed according to law to advertise the' sale of the aforesaid property,” etc.
In the appraisement of the property, for the purposes of the sale thus made, Decuir, the defendant in execution, was ref>resented by the counsel by whom he had been represented in the defense of the suit, and, upon the same day that the adjudication was made, the sheriff executed a deed to the purchaser containing, among others, the following recital:
“Whereas, I, Paul Joffrion, Dy. Sheriff, duly qualified, in, and for, the parish of Pointe Coupée, by virtue of a writ of possession to the sheriff directed by the honorable seventh judicial district court, in and for the parish and state aforesaid, which writ issued in the suit of Aaron Loeb v. F’ois Decuir et al., No. 1,843 on the docket of said court, did seize, according to law, the following described property:
“[Description of the property.]
“And, having advertised the sale of the above property according to law,” etc.
On the 6th day of October, 1879, there was issued, in the same case, another writ, indorsed “Alins Writ of Possession,” containing, among other recitals, the following, to wit:
“We command you that, in the manner prescribed by law and in accordance with the decree of the Supreme Court, and also your return upon the fi. fa. issued in tliis above cause, copies whereof are hereto annexed for your reference, you proceed to place Aaron Loeb, the plaintiff, in the possession of the following described property, [describing the property].
“And how you shall have executed this writ, make due return,” ete.
The return reads:
“Received, on the 7th day of October, 1879, and, on the 15th of the same month and year, proceeded to execute the within writ of possession by going on the premises, and, then and there, had the defendant, Francois Decuir, to move out of the said premises, vacating all the buildings on land herein described, and placed Aaron Loeb in possession of same.”
It is not shown what disposition was made of the difference between the amount ($675) paid by Loeb for the property and the amount called for by his judgment. On the other hand, it appears to be conceded, notwithstanding the recital in the foregoing return of the sheriff, that Decuir has never been disturbed in his possession and enjoyment of the house and the one acre of land by which it is surrounded. Loeb was, however, put in possession of the balance of the tract, and so remained, without disturbance, until 1885, when he made a dation en paiement to his wife (in part satisfaction of a judgment which she.obtained against him decreeing a separation of property and condemning him in the sum of $6,000) of “a certain tract of land situated on the Lower Chenal of False river, in the parish of Pointe Coupée, having three acres front on said Chenal * * * by a depth of twenty acres; bounded, on one side, by land of Numa Decuir, and, on the other side, by land of Mrs. Adeline Decuir.” And Mrs. Loeb has remained in possession since that time, with plaintiff as her near neighbor, without disturbance, save that occasioned by this suit, which was instituted in May, 1905.
*337 Opinion.
“As an execution is issued to make a judgment productive,” says Mr. Freeman, in his work on Executions, “it must he of such a nature as to produce all the relief warranted by the judgment, and no more. In other words, an execution is, necessarily, of the same nature as the judgment on which it is based. * * * Executions may, therefore, be divided into four classes: * * * (3) Those which authorize the officer to do both these things, as, where an execution in ejectment commands that plaintiff be placed in possession of the premises, and that the officer levy on sufficient property to produce satisfaction of the damages accrued to plaintiff by the withholding of the property.” 1 Freeman on Executions (2d. Ed.) § 2.
“Where an execution can properly issue, a mistake, made by the officer in performing the duty of issuing it, is, necessarily, a mere error or irregularity. It is, however, necessary that an execution should have a judgment to support it, and that it should appear from the execution what judgment was intended to be enforced. * * * If, from the whole writ, taken in connection with other facts, the court feels assured that the execution offered iu evidence was intended, issued and enforced as an execution upon the judgment shown to the court, then, we apprehend that the writ ought to be received and respected.” 2 Freeman on Executions (2d Ed.) § 43.
The author thus cited further says that the term “writ of possession” is now, generally, employed to designate any writ by virtue of which the sheriff is commanded to place a person in possession of real or personal property, and that there may be a fieri facias clause added thereto, commanding the sheriff to levy the damages awarded by the judgment. Id., § 470.
In the instant case, it will be observed that, to the original writ, there was annexed, for the guidance of the sheriff, a certified! copy of the decree of this court, in execution of which said writ was issued, and that, by that decree, the plaintiff was not'only entitled to be restored to the possession of the premises in question, but was. entitled to recover of the defendant (plaintiff herein) a sum exceeding $450. Under these circumstances, and particularly in view of the fact that the writ itself contained the recital, “And that plaintiff, Aaron Loeb, further have and recover of the defendants, in solido, $150 per annum from December 14, 1875, and the costs of both courts,” it is not surprising that it should have been construed as, to that extent, a writ of fieri facias. We are of opinion that it was so intended, and that, having been so enforced, with a judgment to support it, and with the acquiescence of the defendant (plaintiff herein), it is too late for him, now, after a lapse of more than 25 years, to urge the objection upon which he predicates this suit. Pretermitting the question whether the absence of a more specific command with regard to the execution of the moneyed judgment should be regarded as an informality (cured by the prescription of five years, under Rev. St. §§ 2809, 3392), it seems to us that, as the defendant in the writ acquiesced in the construction placed upon it at the time of its execution, the plaintiff may well be excused for having done so, and, hence, that he is entitled to be regarded as a possessor in good faith, under a title (represented by the judgment, the execution thereunder, and the sheriff’s deed) translative of property, and protected by the prescription of ten years, under Merrieks’ Oiv. Code, art. 3478 et seq.
This was the view taken by the learned judge of .the district- court, whose judgment is accordingly affirmed.
PROYOSTY, J., recused.